STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-23-09

IAN HOUSEAL,

      Plaintiff,

      v.

CITY OF PORTLAND,

      Defendant,

      and

FALLBROOK COMMONS
DEVELOPMENT, LLC,

      Party-in-Interest,

**ORDER DENYING M.R. CIV. P. 80B
PETITION FOR REVIEW**

Before the court is a Petition for Review of Governmental Action brought by Petitioner Ian Houseal pursuant to M.R. Civ. P. 80B. Houseal appeals the City of Portland's decision that it did not have jurisdiction to hear his appeal of two building permits, BLDC2022-02665 and BLDC2022-02926 issued on November 14 and 16, 2022 respectively, for a development at 60 Merrymeeting Drive in Portland, Maine. The City of Portland and party-in-interest Fallbrook Commons Development, LLC, have both challenged Houseal's petition. For the following reasons, the court denies the petition and affirms the underlying decision of the City of Portland ("City") Zoning Board of Appeals ("Board").

**Background**

The underlying decision addressed Houseal's appeal of two permits BLDC2022-02665 and BLDC2022-02926. He filed his appeal December 12, 2022. The ZBA decided that it could not

REC'D CUMB CLERKS OFC
JUL 3 '23 AM8:22

hear Houseal's appeal because he filed his appeal after the ten-day deadline following issuance of the permits and he had not shown undue hardship justifying an exception. The Board also found that Houseal had not met his burden of demonstrating that either challenged permit was issued in error. On both of these grounds, the Board denied the appeal.

**Legal Standard**

The court reviews a municipal decision "for error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024 (quoting *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168). The party challenging the decision bears the burden of persuasion. *Id.* (citing *Sawyer Env't Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257). The interpretation of a local ordinance is a question of law, which the court reviews de novo. *Logan v. City of Biddeford*, 2006 ME 102, ¶ 8, 905 A.2d 293. The court reviews findings of fact for support by substantial record evidence, "evidence that a reasonable mind would accept as sufficient to support a conclusion." *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172. Where a municipal board finds an applicant failed to make a showing, a court will not overturn the finding unless the appellant demonstrates the record compels a contrary finding. *21 Seabran, LLC v. Town of Naples*, 2017 ME 3, ¶ 33, 153 A.3d 113 (citing *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676; *Quiland, Inc. v. Wells Sanitary Dist.*, 2006 ME 113, ¶ 16, 905 A.2d 806).

**Discussion**

The court first considers whether Houseal's appeal to the Board was untimely and whether any exception should allow his appeal to proceed on the merits. The court concludes the Board did not err when it decided the appeal was untimely and does not reach the Board's decision that the

permits were properly issued.

The court concludes that Houseal has not shown that the Board erred in deciding his appeal was untimely. City Code, Chapter 6, § 96 requires that appeals are filed within ten days of an action of the building authority. (R. D.20.) It is undisputed that the permits were issued on November 14 and 16, 2022 and that Houseal filed his appeal on December 12, 2022. (R. A.2.) Houseal has not carried his burden to show that the Board erred in applying the ten-day period.

Houseal argues that the Board should have granted him an undue hardship exception under the ordinance. The court concludes that the record does not compel a finding that strict application of the deadline would create an undue hardship. *See Harrington v. Kennebunk*, 459 A.2d 557, 562 (Me. 1983) (undue hardship is an issue of fact). In his briefing, Houseal's arguments in favor of undue hardship focus on the ordinance's providing an appeal period that is too short, the deadline's falling on Thanksgiving, and the impact of the construction on his family and the properties surrounding the development. Before the Board, he argued that he and his family could not use their property during daylight hours and even left their property because of the impact of construction activity. (R. A.1.) Although these facts do suggest that Houseal and his family have suffered and may continue to suffer hardship due to construction activity, evidence of these hardships does not compel a finding of undue hardship caused by strict application of the ordinance's appeal period.

Houseal argues the court should apply an equitable good cause exception, citing to *Brackett v. Town of Rangeley*, 2003 ME 109, 831 A.2d 422. A court may grant a good cause exception to a reasonable municipal appeal deadline "in those special situations in which a Court of competent jurisdiction finds special circumstances which would result in a flagrant miscarriage of justice unless, within a narrowly extended range," the time is extended. *Keating v. Zoning Bd. of Appeals*,

3

325 A.2d 521, 524 (Me. 1974).

In *Brackett*, the Law Court vacated a Superior Court decision declining to apply the exception because

> (1) the Town violated its own ordinances when it issued the building permit in that, among other violations, it failed to give required notice to the neighbor; (2) the permit holder violated the terms of the permit when he built the cottage closer to the shore than allowed in the permit, and the cottage contained more square feet than the permit authorized; and (3) the neighbor acted promptly when learning of the building violations.

*Viles v. Town of Embden*, 2006 ME 107, ¶ 13, 905 A.2d 298 (citing *Brackett*, 2003 ME 109, ¶¶ 18-21, 831 A.2d 422). In support of a good cause exemption, Houseal argues that the permits were issued in violation of ordinance, that he discovered the pending permits in November 2022 and emailed a city councilor stating that he would appeal the permits when issued, and that the appeal period was reduced from 30 to 10 days in March 2022. Houseal has not made a showing of special circumstances that would result in a flagrant miscarriage of justice without extension of the appeal window. *See Tominsky v. Town of Ogunquit*, 2023 ME 30, ¶¶ 25-26, 28, __ A.3d __ (lack of notice of permit is key factor and "delay based on ignorance of the law cannot establish an extraordinary circumstance that would result in a flagrant miscarriage of justice"). The Court concludes that no exception to the appeal period applies and denies Houseal's petition for review.

The entry is:

> The court AFFIRMS the City of Portland's decision denying Petitioner's appeal. Petitioner Houseal's Rule 80B Petition is DENIED.

Date: 6/30/23

Thomas R. McKeon
Justice, Maine Superior Court

4